**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DAVID HERNANDEZ,

        *Petitioner,*

    v.

J.L. JAMISON, et al.,

        *Respondents.*

CIVIL ACTION

NO. 26-3978

**ORDER**

**AND NOW**, this 15th day of June, 2026, upon consideration of the Petition for a

Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition,

(Dkt. No. 3), it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1.     **Hernandez is not subject to mandatory detention under 8 U.S.C.**

    **§ 1225(b)(2)**, and instead may be detained, if at all, pursuant to the

    discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1]     In October of 2022, David Hernandez—a native of Nicaragua—entered the United States. (Pet. ¶¶ 1, 17, Dkt. No. 1.)  DHS officers detained him, began removal proceedings against him, and released him into the country.  (*Id.* ¶ 18.)  He attended a routine check-in on June 9, 2026, but immigration officials arrested and sent him to the Philadelphia Federal Detention Center.  (*Id.* ¶¶ 2, 19, 21.)  He is currently detained there under § 1225(b)(2) without a bond hearing.  *See* (*Id.* ¶¶ 2, 5, 22–23).

    Hernandez filed a federal *habeas* petition on June 10, 2026, alleging violations of the Immigration and Nationality Act, the Administrative Procedure Act, and due process.  (*Id.* at 13–17.)  He seeks an order to prevent his transfer outside the Eastern District of Pennsylvania, declare his detention is unlawful, and immediately release him or alternatively conduct a bond hearing.  (*Id.* at 17–19.)  The Government claims he is lawfully detained.  (Gov't Resp. in Opp'n at 5–8, Dkt. No. 3.)

    The Court disagrees with the Government for the reasons stated in *Demirel v. Federal Detention Center Philadelphia*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) and *Alekseev v. Warden*, No. 26-462, 2026 WL 413439 (E.D. Pa. Feb. 13, 2026).  Hernandez was already in the United States—not "seeking admission" as § 1225(b) requires—when immigration officials detained him.  Because the Government did so under § 1226(a) and not § 1225(b)(2), it must afford him the opportunity to seek bond at a hearing before an immigration judge.  *See Demirel*, 2025 WL 3218243, at *5.  The Court need not address his APA or due process claims.

2.   **On or before June 22, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Hernandez with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3.   Should the immigration judge deny bond, Hernandez may appeal that decision to the Board of Immigration Appeals.

BY THE COURT:

Gerald J. Pappert, J.